IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DONNA ARD, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 07-1201-JTM<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of seven defendants to stay this interpleader action pending resolution of related state court lawsuits. (Doc. 46). Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED WITHOUT PREJUDICE.

### Background

On May 5, 2007, a deck at a residence near Fall River, Kansas, collapsed during a party, killing one person and injuring several others. The deck was built by Continental Western's insured, Mark A. Holding. Because the injured parties have multiple and/or conflicting claims to the insurance fund, Continental filed this interpleader action on July 17, 2007. Continental alleges that the insurance policy limit is $500,000 and prays that the

defendants be required to "interplead and settle among themselves their rights and claims to the $500,000."[1]

## Motion to Stay Case

Defendants Donna Ard, Orlin Ard, Jr., Raymond Friend, Donald Hysko, Patricia Hysko, Sharon Manner, and Judy McClain move to stay proceedings in this case. Specifically, defendants allege that they filed petitions in Sedgwick County District Court against (1) the owner of the house, Brian Schreck, (2) the builder, Mark Holding, and (3) a construction assistant, Carl Coonrod, alleging negligence in the design, construction, and supervision of the construction of the deck. The state court cases have been consolidated and discovery has commenced. (Doc. 46, exhibit A).

Defendants argue that the court should exercise its discretion and stay the interpleader action to advance judicial economy and to avoid piecemeal litigation. Defendants also maintain that Continental can file its interpleader action in Sedgwick County District Court if it "desires quick apportionment and distribution of its stake." (Doc. 48, p. 2). As noted above, Continental opposes the motion. Specifically, Continental argues that (1) the pending state court actions do not include all potential claimants to the insurance fund and (2) some of the defendants dispute that the policy coverage is limited to $500,000.[2]

---

[1] Continental paid $500,000 into the court registry on July 17, 2007.

[2] Other defendants argue that the amount of coverage is $1,000,000 rather than $500,000.

The court is not persuaded that a stay is warranted at this time. First, defendants' argument that Continental has the alternative of filing its interpleader action in state court is irrelevant. Continental elected to file its interpleader action in federal court. The fact that *defendants* would prefer that Continental's interpleader action be litigated in state rather than federal court is of no consequence.[3] More importantly, the pending state court actions involve only seven of the twenty-four defendants named in the interpleader action.[4] While the state proceedings may ultimately provide useful information to apportion the funds among seven defendants, the claims of the remaining seventeen defendants are not addressed. Equally important, defendants dispute Continental's assertion that the amount of available insurance is limited to $500,000. The pending state lawsuits will not determine the amount of insurance available and defendants offer no valid justifications for resolving the parties' dispute concerning the amount of insurance funds available for distribution.

In addition, the docket reveals no evidence that nine defendants have ever been served with this lawsuit. The court declines to order a stay when the status of nine defendants is unknown. Continental shall show cause why the claims against these nine individuals should not be dismissed for failure to serve under Fed. R. Civ. P. 4(m).

---

[3] Defendants cite no legal authority requiring Continental to forego its right to proceed in federal court and file its interpleader action in state court. However, Continental is free to re-evaluate its decision and re-file the interpleader action in state court.

[4] Twenty-eight defendants were originally listed in the complaint. Defendants Judith Ethridge, Robert Ethridge, Brian Schreck, and Federal Insurance Company eventually waived any claim to the insurance proceeds.

**IT IS THEREFORE ORDERED** that defendants' motion to stay **(Doc. 46)** is **DENIED WITHOUT PREJUDICE.**[5]

**IT IS FURTHER ORDERED** that Continental shall show cause on or before **February 8, 2008** why the claims against nine defendants should not be dismissed for failure to serve under Rule 4(m).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of January 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] No purpose is served by duplicating the discovery being conducted in the state court litigation and a limited stay may be appropriate at some point in this case. However, the status of the nine defendants and the amount of insurance proceeds should be resolved without further delay.